UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH JOHNSON,<br><br>Defendant. | Case No. 1:22-cr-00166-AKB-3<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Elijah Johnson's Motion for Reduction of Sentence (Dkt. 96). Defendant Johnson moves for a two-point reduction pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821, Part B, Subpart 1 (Zero Point Offender) to the Sentencing Guidelines. (*Id.* at 1). For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Sentencing Commission subsequently lowered the defendant's sentencing range; a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and the court considers the 18 U.S.C. § 3553(a) factors. In determining the extent of the reduction, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of sentence. *See* U.S.S.G. § 1B1.10(b)(1). The extent of the reduction is strictly limited to the low end of the new applicable guideline, with one exception (where the defendant received a below guideline sentence based on substantial assistance). *See* U.S.S.G. § 1B1.10(b)(2).

**MEMORANDUM DECISION AND ORDER - 1**

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels if certain criteria are met. With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his or her offense level if the defendant meets all the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."

*See* U.S.S.G. § 4C1.1(a).

**MEMORANDUM DECISION AND ORDER - 2**

On August 24, 2023, the Commission decreed that this change applies retroactively. On December 6, 2023, this Court entered General Order 435, which adopts a procedural order for the review of defendants potentially eligible for sentencing reductions under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines. The procedural order provides for a review committee to review each case and attempt to reach stipulations on eligibility. Pursuant to General Order 435, the review committee determined that Defendant is not eligible for a reduction of sentence. (Dkt. 98 at p. 3). The Court agrees.

On April 6, 2023, Defendant entered a plea of guilty to Count One of the Indictment, which charged Defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. On September 18, 2023, Defendant was sentenced to a term of 46 months. The Court determined Defendant's guideline range was 46 to 57 months based on a total offense level of 23 and a criminal history category of I. (Dkt. 82 at ¶ III). While Defendant did not receive any criminal history points, Defendant received an adjustment under § 3B1.1(b) (aggravating role). (PSR at ¶ 31). The Court adopted the presentence report without change. (Dkt. 82 at ¶ I.A.). Because Defendant received an adjustment under § 3B1.1(b) (aggravating role), the amendment does not apply to him, it does not "subsequently lower the defendant's sentencing range" as required by 18 U.S.C. § 3582(c)(2), and he is ineligible for a reduction in sentence. Accordingly, the Court will deny Defendant's motion.

## ORDER

**IT IS HEREBY ORDERED that** Defendant Elijah Johnson's Motion for Reduction of Sentence (Dkt. 96) is DENIED.

DATED: May 23, 2024

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**